**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **WILLIAM FREELAND** | **CASE NO. 2:25-CV-01523** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GAMBOA LOGISTIC INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiff, William Freeland ("Freeland"). Doc. 7. The motion is opposed by defendant, Gamboa Logistic Inc. ("Gamboa"). Doc. 10. The time for filing a reply has lapsed, and the motion is now ripe for consideration. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.

This motion to remand requires the court to determine whether defendant Ercan Gul was "properly joined and served" for the purposes of 28 U.S.C. § 1446(b)(2)(A)'s unanimity requirement, if long-arm service was properly sent to Gul's address by certified mail, but he never received the mailing, and there was no evidence of service in the state court record at the time of removal.

For the reasons stated **IT IS RECOMMENDED** that the motion be **DENIED.**

## I.
## BACKGROUND

Freeland's Petition alleges he was injured when his vehicle was struck by an 18-wheeler driven by Ercan Gul ("Gul") in the course and scope of Gul's employment with Gamboa. Doc. 1, att. 3, pp. 1–2.

Freeland contends the negligence of Gamboa and Gul gave rise to damages including injuries to his back, neck, shoulders, arms, and body as a whole, along with past, present, and future physical and mental pain and suffering, loss of earning capacity, and loss of enjoyment of life. Doc. 1, att. 3. The petition names Gamboa and Gul as defendants. *Id.* It does not attempt to set forth an amount of damages, nor does it explicitly state whether the damages exceed the federal jurisdictional threshold. *Id.*

Approximately two months after being served with the Petition, defendant Gamboa removed the action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, asserting diversity jurisdiction because the amount in controversy exceeds $75,000 and the parties are of diverse citizenship.[1] Gamboa contends the removal is timely under 28 U.S.C. § 1442(b)(3) because Gamboa first received an "other paper" indicating the amount in controversy on or about September 9, 2025, when it learned by electronic mail correspondence from Freeland's counsel that Freeland had cervical fusion surgery allegedly as a result of the accident. Doc. 1, p. 6.

Gamboa's co-defendant, Gul, did not join in the removal. Gamboa asserts in the notice of removal that Gul's consent was not needed because Gul was not served as of the date of the removal. Doc. 1, p. 2.

Freeland filed a timely motion to remand. Doc. 7. Freeland argues that the removal is improper because it violates the rule of unanimity in 28 U.S.C. § 1446(b)(2)(A), which states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446. Contrary to Gamboa's suggestion in the notice of removal, Freeland asserts that Gul *was* served

[1] According to the allegations of the Notice of Removal, Freeland is a Louisiana domiciliary and citizen. Doc. 1, p. 3. Defendant Gamboa is an Ohio corporation with its principal place of business in Ohio, making it an Ohio domiciliary and citizen. *Id.* Defendant Gul is a New Jersey domiciliary and citizen. *Id.* at 3–4.

with a copy of the petition via long arm service on July 30, 2025, when Freeland mailed a copy to his New Jersey address. Doc. 7, p. 1. Thus, Freeland argues Gamboa violated the rule of unanimity by not obtaining Gul's consent to the removal. *Id.* Freeland does not contest the amount in controversy or Gamboa's argument that the removal was timely based on its receipt of new information about Freeland's damages.

Gamboa responds that there is no proof Gul has received actual notice of the Petition [doc. 10], and Freeland acknowledges that Gul never claimed the certified mail containing the petition and citation [doc. 7, p. 12]. Moreover, Gamboa argues it is entitled to rely on the state court record in determining which defendants must consent to removal, and no proof of Gul's service was in the state court record as of the time of the removal. Although Freeland provides an affidavit of service as to Gul, it was not prepared until after the matter was removed. Doc. 7, att. 1, pp. 1-2. Because the state court record contained no such proof of service, Gamboa posits that Gul's consent to removal was unnecessary.

## II.
## LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity of citizenship among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removal statute must be strictly

construed, and "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

The procedure for removal of civil actions requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446 (a)(2)(A). This has been dubbed the "unanimity of consent rule." *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011). A violation of this rule renders a removal procedurally defective, requiring remand. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).

The key question here is whether Gul was "properly joined and served" when Gamboa removed the case on October 9, 2025, such that Gamboa was required to obtain Gul's consent to the removal under 28 U.S.C. § 1446 (a)(2)(A). For purposes of removal to federal court, service of process is governed by state law. *City of Clarksdale v. Bellsouth Telcoms., Inc.,* 428 F.3d 206, 210 (5th Cir.2005). Under Louisiana law, a plaintiff may make long arm service of a certified copy of the citation and petition by mailing it to an out-of-state defendant by registered or certified mail. La. R.S. § 13:3204. Service under this statute is perfected upon transmittal of the suit via registered or certified mail, or by personal delivery. *See Ramsay v. Rusnak*, No. 12-614, 2013 WL 4039405 *8 (M.D. La. Aug. 7, 2013) (noting that while Louisiana's Long Arm Statute requires the filing of an affidavit of service for the taking of default judgment, service may be perfected prior to the filing of such affidavit); *Wood v. Hackler*, 276 So. 3d 1136, 1140–41 (La. App. 2 Cir. 2019). It is well established that defendants may not defeat otherwise valid long arm service by refusing to claim a certified letter at the post office. *Wood*, 276 So. 3d at 1141.

Nonetheless, in the removal context, courts have reasoned that a removing defendant may rely on the state court record to determine which co-defendants must consent to removal. *See*

*Flores v. S. Response Servs. Inc.*, No. 2:21-CV-04021, 2022 WL 20140307, at *4 (W.D. La. Aug. 12, 2022)(where there was no indication that co-defendant was attempting to dodge service, removing defendant was entitled to rely on the state court record to determine if co-defendant had been served for unanimity rule purposes); *Wamsley v. Ditzler*, No. 2:13-CV-2924, 2014 WL 1030085, at *4 (W.D. La. Mar. 17, 2014) (30-day removal clock did not begin running as of mailing of service to co-defendant, where the state court record was silent as to service attempts on that co-defendant); *Cooper v. Sentry Select Ins. Co.*, No. CIVA 08-0649, 2008 WL 4610235, at *2 (W.D. La. Oct. 15, 2008) ("for purposes of satisfying the rule of unanimity, the Court finds that the non-removing defendants are not required to consent to or join the removal petition until proof of service is filed in the record"). "Until proof of service is filed in the record, counsel for the removing defendant may not know whether other defendants have been served or whether removal is proper.[1] If the rule of unanimity was predicated on effective service, . . . a clever plaintiff could delay filing proof of service to obscure this fact in an effort to render the removal petition defective based on lack of unanimity." *Cooper*, 2008 WL 4610235, at *2 (alteration added).

## III.
## CONCLUSION

Because proof of service of Gul had not been filed in the record prior to removal, Gul's consent to removal was not required. It is therefore **RECOMMENDED** that the removal petition is not defective, and, thus, the Motion to Remand [doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14

days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Lake Charles, Louisiana, this 28th day of July, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**